DAVID HERSTEIN AND ROSE HERSTEIN, PLAINTIFFS, v. JOSEPH K. CHOATE ET AL., RECEIVERS OF THE MORRIS COUNTY TRACTION COMPANY, DEFENDANTS.

OSCAR GLASS, PLAINTIFF, v. JOSEPH K. CHOATE ET AL., RECEIVERS OF THE MORRIS COUNTY TRACTION COMPANY, DEFENDANTS.

Decided November 24, 1926.

Negligence—Injury to Passenger in Automobile in Collision With Trolley Car—Though Defendants Claim Accident was Result of Negligence of One of the Plaintiffs, They, Apparently, are Content to Have Rule Limited to Amount of Damages in Each Case—Facts Considered and Held, That While Award Might Have Been Greater, it is Not Plainly Inadequate.

On rules to show cause, Essex Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the plaintiffs, *Kessler & Kessler*.

For the defendants, *King & Vogt*.

PER CURIAM.

These two actions were brought against the receivers of the Morris County Traction Company to recover compensation for injuries which the plaintiffs alleged they received in a collision between a trolley car of the defendants and an automobile driven by David Herstein, in which his wife, Rose, and the other plaintiff, Oscar Glass, were riding.

In the Herstein case, the trial resulted in a verdict in favor of Rose Herstein, the wife, for $2,500, and a verdict in favor

of the defendants as to the claim of the husband, David Herstein. In the Glass case the jury found in favor of the plaintiff, and awarded him $200.

In the Herstein case the defendant's receivers applied for a rule to show cause why the verdict in favor of Rose Herstein should not be set aside, which rule was granted as to damages only. In the Glass case a rule was obtained based on the contention that the verdict in his favor was grossly inadequate.

Counsel for the defendants argues that both the verdicts under review should be set aside, because the proofs strongly support the contention that the accident happened solely through the negligence of Herstein, who was driving the automobile in which the plaintiffs in that case were riding. As to the verdict in the Glass case, the finding of the jury as to liability is not challenged, and the only question presented is the adequacy of the damages.

In the Herstein case the defendants, apparently, were content to have the rule to show cause limited to the question of damages only, and having accepted that limitation, while we have the power, we are under no obligation to consider any other contention.

Mrs. Herstein received a laceration in front of the right ear, which required two stitches; she sustained bruises over the bridge of her nose, on her right arm and on her hand; she was compelled to have her arm put in splints as a result of the accident, where it remained for some time. In addition to this, the jury was justified in finding that she sustained bruises on her chest, and that her accident produced a shock to her nerves, from which she had not entirely recovered at the time of the trial. She kept her bed for three weeks, and suffered pain for at least five weeks, and during that period was unable to perform her household duties.

One of the physicians testified that she was suffering from intercostal neuralgia, and other technical ailments indecipherable to the average mind, from all of which it is reasonable to conclude that the verdict was not at all excessive.

In the Glass case the jury evidently did not believe that the injuries which he claims resulted from the accident were the result thereof, or that they were as serious as he claimed.

We are inclined to think that while the verdict might be much greater without being excessive, it is not so plainly inadequate as to justify our interference under the well-settled rule applicable to such a situation.

The rules to show cause will be discharged.