ROSE SCHWARTZ, BY HER NEXT FRIEND, ET AL., PLAIN-
TIFFS, v. A. DUIE PYLE, TRADING AS A. D. PYLE
COMPANY, DEFENDANT.

Submitted May 11, 1928—Decided January 16, 1929.

Before GUMMERE. CHIEF JUSTICE, and Justices PARKER
and KATZENBACH.

For the rule, *Philip M. Brenner* and *Edmund A. Hayes.*

*Contra, Curry & Purnell.*

The opinion of the court was delivered by

KATZENBACH, J. This case is before this court on a plaint-
iffs' rule to show cause. Rose Schwartz, by Max Schwartz, her
next friend, and Max Schwartz individually instituted an
action against the defendant, A. Duie Pyle, to recover dam-
ages for personal injuries received by Rose Schwartz and the
outlay of Max Schwartz, father of Rose Schwartz, arising from
the accident. The verdicts rendered at a trial at the Middle-
sex Circuit were $1,000 for Rose Schwartz and $62 for Max
Schwartz. The plaintiffs contend these damages are
inadequate.

Rose Schwartz was a student in the senior class of the New Brunswick High School. On January 21, 1927, the class held a dance. She went to the dance with a male escort. Two other girls of the class, each accompanied by a male escort, were in the party. The dance was given at the New Brunswick High School. During the dance the six young people of the party became hungry and decided that they would leave the dance and seek refreshments. It would seem as if there was no food in New Brunswick or at any point nearer than the city of Newark as the party drove in an automobile from New Brunswick to Newark for this purpose. After being refreshed by food in Newark they were returning to New Brunswick when the automobile in which they were riding was struck by a truck of the defendant. The hour was one A. M. The plaintiff, Rose Schwartz, who was sitting on the front seat with the driver, was thrown from the seat and cut in the face by flying glass. She was taken to the Rahway Hospital. Eight stitches were required to suture her wounds. She was thereafter attended by the family physician until February 25th, 1926, approximately a month after the accident occurred. In order to reduce an infection of the nose it was necessary during this time to re-open the wound and resuture it.

The plaintiff has a scar on the bridge of her nose and two parallel scars on the front of her chin. She suffered pain at the time of the accident and in the dressing of her wounds. The verdict in her case was $1,000. This is, as stated, alleged to be inadequate. It is claimed the scars are disfiguring, that she is sensitive about appearing in public places, and may lose an opportunity of marriage. There was placed in evidence a photograph of Rose Schwartz prior to the accident. No photograph after the accident was offered in evidence. One was inserted in the record but was eliminated by direction of the court. We have not the opportunity the jury had of determining the extent to which the scars were disfiguring. Her sensitiveness as to the scars seems from her testimony to be decreasing. There is no evidence that any opportunity of a suitable marriage has been lost because of the scars. Brilliancy of mind and comeliness of form are sometimes more

desired by suitors than a pretty face. The question of the amount of the damages to be awarded was left to the jury under a charge that ably covered the entire subject. While the verdict might have been larger without being excessive, it is not so plainly inadequate as to justify our interference under the well settled rule applicable to such a situation. *Herslein* v. *Choate*, 4 *N. J. Mis. R.* 996; 135 *Atl. Rep.* 81. The jury were in a better position to judge the extent of the injuries and fix the damages as they saw the plaintiff. We think the verdict should not be disturbed.

The verdict in favor of the father, Max Schwartz, was sixty-two dollars, which was the exact amount of his expenditures. There was evidence that the scars might be eliminated or lessened by a plastic operation of the face which would cost Mr. Schwartz approximately $500. While it was stated by Mr. Schwartz upon being recalled to the witness stand that this operation was intended, there was considerable doubt as to whether it would be performed, as the trial took place some eleven months after the accident and no arrangements for the operation had ever been made. The court left this question to the jury which evidently doubted that the operation was intended as the cost of it was not included in the verdict. The jury heard the testimony and saw the witnesses. It was in a better position than are we to determine whether there was any intention to perform the operation. Their conclusion should not be disturbed. To set aside a verdict as inadequate it must be grossly inadequate. *Rosenvinge* v. *Erlandsen et al.,* 5 *N. J. Mis. R.* 1009; 139 *Atl. Rep.* 387. We cannot say either of the verdicts was so grossly inadequate as to warrant their being set aside.

The rule to show cause is discharged.