JOHN F. SQUIER, EVELYN F. SQUIER AND HENRY E. SQUIER, PLAINTIFFS, v. CLAYTON H. BARLOW, HERBERT W. LANE, AND HERTZ DRIVEURSELF STATIONS, INCORPORATED, DEFENDANTS.

Decided February 20, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Joseph Coult.*

*Contra, Jacob R. Mantel.*

PER CURIAM.

There was a verdict at the Union Circuit in favor of Evelyn F. Squier for the sum of $5,000 against the defendants Clayton H. Barlow and Herbert W. Lane. The defendant Barlow obtained a rule to show cause why the verdict should not be set aside against him.

The facts of the case are briefly these: On December 31st, 1927, the defendant Barlow hired an automobile from the Hertz Driveurself Company of Newark. Barlow used the car to drive a group of boys to a dance at Florham Park, New Jersey. Barlow hired the car and signed for it as renter, and then took it to his home. In the evening he drove the group of boys to the dance, where they remained until two or three o'clock in the morning. When the boys were ready to start

for home they found Barlow behind the driver's wheel. A conversation took place between Lane and Barlow, the former noticing that Barlow was acting in a peculiar manner and said to him, "you better not drive. I don't think you are in any condition to drive," whereupon Barlow moved out of the driver's seat and made a place for Lane to take the driver's seat.

We think this act on part of Barlow constituted an authorization of Lane to drive the car. On their way home, through the negligence of Lane in the operation of the car, a collision occurred between it and an automobile in which Evelyn F. Squier, one of the plaintiffs was riding as a passenger and as a result of such collision she suffered serious injuries. There is no claim made on behalf of the defendant that the collision which resulted in the injury of the plaintiff, was not due to the negligent operation of the car which Lane was driving.

The defense interposed is, that Barlow, while at the dance had been assaulted by somebody from which assault he was rendered, using the language of the witness, "he became dopey" and remained so even when he took his place in the driver's seat of the car, and therefore, he was not in a condition to authorize Lane to take his place and drive the car.

We think, however, there was testimony from which a jury could properly find that Barlow was aware that he was not in a condition to drive the car, and therefore, he authorized Lane to drive the car for him. For Lane's negligence therefore, in operating the car, which resulted in the injury to another, Barlow must be answerable.

Next it is said that the verdict in favor of the plaintiff of $5,000 is excessive. From the testimony it appears that she was severely injured. At the time of the accident she was twenty years of age. She suffered a laceration of an eyeball which cleared up a week after the accident, and a nervous shock, which has left her with nervous spells now and then. The most serious injury was to her cheek which was lacerated. Six stitches were required. The scar resulting from the laceration disfigures her face, and there is numbness from the bottom of the scar to her mouth. The

injury is a permanent one, and we cannot say the jury was actuated by prejudice, partiality, mistake or passion, in reaching the result that it did.

Lastly, it is argued that the trial judge erred in charging the jury as follows: "There was a duty owing to the plaintiff, and that duty was the operation by the defendants of their car in such manner that no injury would be done other users of the highway." The excerpts from the charge is not a fair one to the trial judge, for directly following the excerpt the court said: "'There was the duty of the exercise of reasonable care in the operation of the defendants' automobile." This shatters the argument of defendant's counsel that the court imposed upon the defendant an absolute duty to avoid colliding with other vehicles, &c.

The rule to show cause is discharged, with costs.