LENORE RODRIQUEZ, BY ANTHONY RODRIQUEZ, HER NEXT FRIEND, AND ANTHONY RODRIQUEZ AND AURORA RODRIQUEZ, HIS WIFE, PLAINTIFFS, v. WILLIAM RICKER, DEFENDANT.

Decided November 10, 1931.

For the plaintiffs, *Frank W. Heilenday.*

For the defendant, *Collins & Corbin.*

ACKERSON, S. C. C. This matter comes before me upon a rule to show cause why the verdict of $10,000 in favor of the plaintiff Lenore Rodriquez and the verdict of $1,000 in favor of the plaintiffs, Anthony Rodriquez and Aurora Rodriquez (father and mother of the plaintiff Lenore), should not be set aside and a new trial granted upon the grounds that the verdicts are contrary to the weight of the evidence and excessive.

I have read the transcript of the testimony in this case very carefully and the testimony at the trial is still fresh in my mind and I cannot say that the verdicts for the plaintiffs are against the weight of the evidence.

I believe, however, that the verdict of $10,000 in favor of the plaintiff Lenore Rodriquez is excessive. Taking the testimony most favorable to her she sustained a cut on the right cheek and lip which resulted in a permanent scar with numbness in the same above the lip, also likely to be permanent; a cut on the head; contusions and abrasions of both knees and contusions to the sacral region. She lost about twenty-three pounds in weight and has been very nervous since the accident, and has had to go to her doctor on the average of once a month since the accident. Six teeth were loosened and the enamel rods on four of these teeth were fractured, which may result in the loss of these teeth. She suffered a great deal of pain and could not eat solid food for three weeks after the accident. She still feels weak and tired when working. The scar on the face necessitated six stitches and the scar is still very apparent although not amounting to a bad disfigurement.

In the case of *Schwartz* v. *Pyle*, 144 *Atl. Rep.* 323, a verdict of $1,000 in favor of a young girl who received wounds on the nose and chin requiring eight stitches was held not inadequate. The court indicated that a large recovery might have been justified. In the case of *Katz* v. *Hyman & Oppenheim*, 153 *Atl. Rep.* 264, a verdict of $5,000 in favor of a boy for wounds on left cheek caused by flying glass in an automobile accident and requiring dressing for nearly two months and twelve stitches together with other superficial wounds requiring no suturing, which did not seriously involve nerves or muscles was reduced to $1,500. On the other hand in the case of *Squier* v. *Barlow*, 149 *Atl. Rep.* 67, a verdict awarding $5,000 to a twenty-year-old girl for lacerations of the eyeball and cheek requiring six stitches resulting in a permanent scar and numbness from the bottom of the scar to the mouth, and disfiguring her face, and for nervous shock resulting in occasional nervous spells, was held not excessive.

With these cases in mind it is not difficult to reach the conclusion that a verdict of $10,000 for the plaintiff in the case *sub judice* is excessive, and the issued cases lead quite naturally to the conclusion that a verdict of $5,000 would have been ample under all of the circumstances of the case.

The verdict of $1,000 in favor of the young woman's parents is not excessive, however, as the jury is justified in finding a probable loss to them of wages, medicinal expenses, &c., approximating that sum.

A rule absolute will therefore issue as to the damages to Lenore Rodriquez only, unless, within twenty days from the date of the entry of an order hereon, the plaintiff Leonore Rodriquez consents to reduce the verdict in her favor to the sum of $5,000, in which case the rule will be discharged.