FRANCES BUTRYN ET AL., PLAINTIFFS-RESPONDENTS, v.
PUBLIC SERVICE CO-ORDINATED TRANSPORT, A COR-
PORATION, AND GARFIELD-PASSAIC TRANSIT COM-
PANY, A CORPORATION, DEFENDANTS-APPELLANTS.

Submitted May 15, 1931—Decided November 16, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and CASE.

For the plaintiffs-respondents, *Patten & Amlicke* (*Joseph
J. Weinberger,* of counsel).

For the defendant-appellant Public Service Co-ordinated
Transport, *Henry H. Fryling* (*William F. Vosseler,* of
counsel).

PER CURIAM.

The plaintiff Frances Butryn was painfully injured on
July 21st, 1929, while a passenger in a bus belonging to the
Garfield-Passaic Transit Company, as a result of a collision
between the bus and a trolley car of the Public Service Co-
ordinated Transport. Other plaintiffs joined with Mrs.
Butryn in the action. Amongst such was Felix Butryn, her
husband, who sued for and received incidental damages be-
cause of the wife's injury. A verdict of no cause of action
was rendered as to Garfield-Passaic Transit Company. The
case comes before us on a rule to show cause granted at the
instance of Public Service Co-ordinated Transport, which
rule runs only to the point that the verdict of $8,000 in favor
of Mrs. Butryn is excessive.

The plaintiff received bodily contusions and nervous shock
as well as a laceration of the left nasal bone, but her chief

injury was to the right arm, including the shoulder and hand. There subsisted at the time of the trial an impairment of the usefulness of the right arm, claimed by the plaintiff's physician to be thirty per centum and by the defendant's physician to be fifteen per centum of normal usefulness. The plaintiff was under medical attention until shortly before the trial, which was December 3d, 1930. Prior to the accident she had been able to do her housework and perform certain employment at a woolen mill for which she earned $13.50 per week. There was proof to the effect that she had been unable to resume her work in the factory and that she had not been able to function fully in her own housework. The action in Mrs. Butryn's behalf does not include expenses incident to her treatment or recovery.

We believe that under the proofs the verdict of $8,000 was excessive. If plaintiff will consent to a reduction of the verdict to the sum of $6,000, the rule will be discharged; otherwise the rule will be made absolute and a new trial granted.