PETER GREEN AND THOMAS J. GREEN, PLAINTIFFS, v. SUN OIL COMPANY, A CORPORATION, AND FRANK MAFFIE, DEFENDANTS.

Decided February 11, 1932.

For the plaintiffs, *Charles A. Rooney.*

For the defendants, *Edwards, Smith & Dawson.*

ACKERSON, C. C. J. This matter comes before me on a rule to show cause why the verdicts of $9,000 in favor of the plaintiff Peter Green, for personal injuries, medical expenses and loss of wages, and $875 in favor of the plaintiff Thomas Green for damage to his automobile, should not be set aside and a new trial granted upon the grounds that they are against the weight of the evidence and also excessive.

I have carefully read the testimony and find that the verdicts are not against the weight of the evidence according to the ordinary rules used in reviewing that question.

It was conceded at the argument that the verdict for $875 in favor of the plaintiff Thomas Green is not excessive.

Regarding the verdict for the plaintiff Peter Green the jury was warranted in finding that the out-of-pocket expenses, including loss of earnings, amounted to approximately $1,500. Subtracting this sum from the verdict of $9,000 would leave $7,500 for the personal injuries. These consisted of a compound fracture of the upper third of the tibia and fibula of the left leg, no shortening, but resulting in fifteen per cent. functional disability due to angulation. Also a comminuted fracture of the proximal phalanz of the left thumb, resulting in a permanent deformity thereof with

weakness in grasping and some loss of flexion. There were also three scars on the front surface of the leg and a scar on the medial side of the anterior surface of the knee. This plaintiff was in the hospital six or seven weeks after which he wore a steel brace on his leg for a month and a half, and then he got about on crutches for a few months, and returned to work eight months after the accident.

Considering everything in the most favorable light for this plaintiff, I feel that all of his verdict over $5,500 is excessive. If he will file his consent to a reduction of the verdict to $5,500 before March 1st, 1932, it may stand for that amount, and the rule to show cause will be discharged. Otherwise it will be made absolute as to the plaintiff Peter Green, and a new trial granted as to his damages only. In any event the rule will be discharged as to the other plaintiff.