OLIVE MARSHALL, FRIDA LOHMANN AND SARAH M. BURTON, PLAINTIFFS, v. GEORGE L. HIPP AND FRANK LOHMANN, DEFENDANTS.

Decided April 30, 1932.

For the plaintiffs, *Philip J. Miele*.

For the defendant George Hipp, *Charles W. Weeks*.

For the defendant Frank Lohmann, *Cox & Walburg*.

ACKERSON, C. C. J. The plaintiffs obtained verdicts against both defendants in the above entitled cause in the following amounts: Olive Marshall, $10,000; Frida Lohmann, $7,000; Sarah M. Burton, $1,000.

Both defendants move to set aside these verdicts on the grounds that they are against the weight of the evidence and excessive. I have carefully read the transcript of the testimony while the case is still fresh in my mind, and I fail to find that these verdicts are so clearly against the weight of the evidence as to justify me in setting them aside for that reason.

Olive Marshall sustained a fracture of the left clavicle—collar bone; multiple fracture of the pelvis; and multiple contusions about the body and a sprain of the left side of the neck and chest. She has some difficulty in getting up after kneeling or stooping, with some limitation of motion and stiffness in the right hip region. The doctor, however, testified there had been a good recovery. She was in the hospital from June 8th until July 18th, 1930, and her bill there, including the doctor's bill, amounted to $422.50. She also testified that she lost from $500 to $600 from being unable to take care of her business as a boarding-house keeper. She was about fifty-nine years of age at the time of the accident.

Taking everything into consideration, I feel that the evidence would not justify a verdict in excess of $7,000.

Regarding the verdict in favor of Frida Lohmann, the jury could have found that she sustained a fracture of the left pubic bone with a moderate amount of over-riding of the fractured ends of the bone, and a fracture of the right clavicle in about its mid-portion with an over-lapping of the fractured ends of the bone. There was limitation of extension of the left leg at the hip with some increase in size of the left leg and some prominence due to over-riding at the site of the fracture of the clavicle. She was in the hospital for about seven weeks where her bill was $384. The doctor's bill was $80. She was unable to attend to her household work from June until November, 1930. She was about sixty-three years of age at the time of the accident. Having had the opportunity of observing this woman in the court room and con-

sidering all of the evidence, I consider that the verdict should not exceed $5,500.

Regarding the verdict of $1,000 in favor of Sarah M. Burton, it appeared that she sustained a fractured rib and still experiences some tenderness in that region. The doctor testified that her disability extended over a period of about six years. There was no evidence of a doctor's bill, however. Her verdict should not exceed $750.

If Olive Marshall will accept a reduction of $3,000 in the amount of her verdict, it may stand for the sum of $7,000. If Frida Lohmann will accept a reduction of $1,500 in the amount of her verdict, it may stand for $5,500. If Sarah M. Burton will accept a reduction of $250 in the amount of her verdict, it may stand for $750. Acceptances of such reduction, however, must be filed in the clerk's office on or before May 15th, 1932. If this is done the verdict thus accepted may stand and this rule to show cause will be discharged as to the plaintiff or plaintiffs thus accepting a reduction, otherwise the rule will be made absolute and a new trial granted as to damages only with respect to the plaintiff or plaintiffs not thus accepting a reduction.