EDWARD DeSANTIS ET AL., PLAINTIFFS, v. NATIONAL BISCUIT COMPANY, A CORPORATION, ET AL., DEFENDANTS.

Decided July 29, 1933.

For the rule, *Cox & Walburg*.

Opposed, *Giordano, Golden & Hurley*.

LAWRENCE, C. C. J. This was an accident case, tried before the court and a jury, at the Monmouth Circuit, involving injuries to the boy plaintiff, at the time about ten years of age, when struck and knocked down, while riding a bicycle, at a street intersection in Long Branch, by a delivery truck owned by the defendant company and driven by an employe, who was also made a party defendant. The evidence at the trial justified the jury in finding the issue of negligence against the defendants, together with a like result as to the alleged contributory negligence of the boy. An award of $13,000 was made to him and of $1,080 to his father.

Under the rule to show cause taken out in behalf of defendants, the only question argued was the excessive character of the verdict in favor of the boy, on the ground that his injuries were not such as to support it, thus indicating partiality or prejudice or a sympathetic attitude on the part of the jury. No question was raised as to the award to the father.

The boy's injuries consisted of a fracture of the left jaw, which required three operations before it healed, some evidence of an abnormal protrusion of the lower lip, due to such injury, although not entirely clear in this respect; an injury

to the right clavicle which was pulled away from the socket, and resulted in a deformity still present at the time of the trial; four broken ribs and contusions and lacerations about the body and head; and a suggested concussion, with shock and a consequent neurosis. The boy was laid up for a very considerable length of time, and apparently experienced a great deal of pain. At the trial he appeared rather dull and not entirely responsive. The award, however, does appear to be excessive, considering such cases as *Buckley* v. *Goldberg,* 9 *N. J. Mis. R.* 1076; 157 *Atl. Rep.* 245; *Rodriquez* v. *Ricker,* 9 *N. J. Mis. R.* 1115; 156 *Atl. Rep.* 916; *Masci* v. *Young,* 9 *N. J. Mis. R.* 1137; 157 *Atl. Rep.* 82; *Butryn* v. *Public Service,* 9 *N. J. Mis. R.* 1145; 157 *Atl. Rep.* 87; *Kalogerakas* v. *Public Service,* 10 *N. J. Mis. R.* 175; 158 *Atl. Rep.* 408; *Green* v. *Sun Oil Co.,* 10 *N. J. Mis. R.* 233; 158 *Atl. Rep.* 735; *Riebel* v. *Liddle,* 10 *N. J. Mis. R.* 437; *Marshall* v. *Hipp,* 10 *Id.* 622; 160 *Atl. Rep.* 82.

In the circumstances, if consent be given to a reduction of the verdict for the boy plaintiff to $10,000, the rule to show cause will be discharged, otherwise it will be made absolute as to damage only. Since no question was raised as to the award to the father, the rule will be discharged as to him.